IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY NATIONAL BANK,<br><br>      Plaintiff,<br><br> -against-<br><br>BANCO DEL ESTADO DE CHILE,<br>DONNELLY MECHANICAL CORPORATION,<br><br>      Defendants. | Civil Action No.1:21-cv-03906<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 9/24/2021 |
| BANCO DEL ESTADO DE CHILE,<br><br>      Third-Party Plaintiff,<br><br> -against-<br><br>TRI-STAR CONSTRUCTION CORP. and MEP INSPECTIONS, INC.,<br><br>      Third-Party Defendants | |
| DONNELLY MECHANICAL CORPORATION,<br><br>      Second Third-Party Plaintiff,<br><br> -against-<br><br>WATERMAN 400 PARK JV LLC, WATERMAN 400 PARK ASSOCIATES, LLC, and JANTER MECHANICAL CORP.<br><br>      Second Third-Party Defendants. | |

  **WHEREAS**, the undersigned parties to this action (collectively the "Parties" and individually a "Party") stipulate to this Confidentiality Agreement and Protective Order

pursuant to Rule 26(c), to limiting the review, copying, dissemination and filing of certain confidential and/or sensitive information that they may need to disclose in connection with the discovery in this action;

**IT IS HEREBY STIPULATED** that any person subject to this Stipulation – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Stipulation — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Stipulation, no person subject to this Stipulation may disclose such Confidential Discovery Material to anyone else except as this Stipulation expressly permits.

2. For purposes of this Stipulation, "Confidential Information" shall mean the lease between City National Bank and Park Avenue 400 Partnership (c/o RFR Holding LLC), dated August 9, 2002, and any insurance agreement produced by City National Bank. Any copies or reproductions, excerpts, summaries or other documents or media that contain Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Stipulation. Confidential Information shall not include information that has been publicly disclosed by any Party prior to the date hereof, or that has been or is as of the date hereof generally available to the public, or that becomes generally available to the public after the date hereof other than as a result of disclosure by the Non-Designating Party.

3. With respect to the Confidential Information, the Producing Party or its counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

4. Nothing contained in this Stipulation will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

5. Where a Producing Party has designated Confidential Information, other persons subject to this Stipulation may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    (f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (g)    any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    (h)    stenographers engaged to transcribe depositions the Parties conduct in this action; and

    (i)    this Court, including any appellate court, its support personnel, and court reporters.

6.    Before disclosing any Confidential Information to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Stipulation to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7.    The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential Information and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal

or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

8.  In filing Confidential Information with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Information ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

9.  Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

10. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court.

11. Recipients of Confidential Information under this Stipulation may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

12. Nothing in this Stipulation will prevent any Party from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

13. Each person who has access to Confidential Information pursuant to this Stipulation must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

14. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Information must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Stipulation.

15. This Stipulation will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Information is produced or disclosed.

16. This Court will retain jurisdiction over all persons subject to this Stipulation to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17. Notwithstanding any other provision hereof, no document may be filed with the Clerk under seal without an Order of this Court addressing the specific documents or portions of documents to be sealed. Unless otherwise ordered, a party seeking to file an opposing party's confidential information shall so advise the opposing party fourteen (14) days in advance specifying the precise portion of the information the party seeks to use, the general purpose thereof and any redactions to which the party does not object. Within seven (7) days thereafter, the party whose confidential information is sought to be used may make an application to seal in accordance with the first paragraph of this Stipulation, indicating the portion or portions of the information it seeks to have sealed.

*This Space Intentionally Left Blank*

Dated: New York, New York
       September 16,, 2021

**SO STIPULATED AND AGREED**:

| | |
|---|---|
| CITY NATIONAL BANK | BANCO DEL ESTADO DE CHILE |
| By: /s/ Howard J. Rubin<br>Howard J. Rubin<br>Derick D. Dailey<br>Davis+Gilbert LLP<br>1675 Broadway<br>New York, New York 10019<br>hrubin@dglaw.com<br>ddailey@dglaw.com<br>*Attorneys for Plaintiff* | By: /s/ Kenneth B. Brown<br>Kenneth B. Brown, Esq.<br>Law Office of James J. Toomey<br>P.O. Box 2905<br>Hartford, CT 06104<br>KBBROWN@travelers.com<br>*Attorney for Defendant* |

ENDORSEMENT: Nothing contained herein shall affect the parties' obligations to comply with (1) my Individual Practices concerning filing under seal in connection with pretrial matters, and (2) Judge Carter's Individual Rules concerning filing under seal in connection with dispositive motions.

**SO ORDERED**.

Dated: New York, New York
       September 24, 2021

_____
STEWART D. AARON
United States Magistrate Judge

DONNELLY MECHANICAL CORP.

By: /s/ Seth H. Cohn
Seth H. Cohn, Esq.
Fabiani Cohen & Hall, LLP
570 Lexington Ave. 4th Floor
New York, New York 10022
cohns@fcllp.com
*Attorney for Defendant*

TRI-STAR CONSTRUCTION CORP.

By: /s/ Christopher M. Carfora
Christopher M. Carfora, Esq.
Ryan & Conlon, LLP
2 Wall Street, Suite 710
New York, New York 10005
*Attorney for Third-Party Defendant*

MEP INSPECTIONS, INC.

By: /s/ Michael Chuven
Michael Chuven
Kinney Lisovicz Reilly & Wolfe P.C.
11 Broadway, Suite 615
New York, New York 10005
*Attorney for Third-Party Defendant*

4006594.4 26734-0700-010

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY NATIONAL BANK,<br><br>    Plaintiff,<br><br> -against-<br><br>BANCO DEL ESTADO DE CHILE,<br>DONNELLY MECHANICAL CORPORATION,<br><br>    Defendants.<br><br>BANCO DEL ESTADO DE CHILE,<br><br>    Third-Party Plaintiff,<br><br> -against-<br><br>TRI-STAR CONSTRUCTION CORP. and MEP INSPECTIONS, INC.,<br><br>    Third-Party Defendants<br><br>DONNELLY MECHANICAL CORPORATION,<br><br>    Second Third-Party Plaintiff,<br><br> -against-<br><br>WATERMAN 400 PARK JV LLC, WATERMAN 400 PARK ASSOCIATES, LLC, and JANTER MECHANICAL CORP.<br><br>    Second Third-Party Defendants. | **Civil Action No.1:21-cv-03906**<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential Information. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: